UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| VIRGIL EUGENE GRIFFIN, <br><br> Plaintiff, <br><br> v. <br><br> WARDLOW *et al.*, <br><br> Defendants. | CAUSE NO. 3:22-CV-152-DRL-MGG |

OPINION AND ORDER

Virgil Eugene Griffin, a prisoner without a lawyer, filed a complaint against nine defendants alleging his Eighth Amendment rights were violated when he was denied adequate clothing, bedding, and heat while housed in D-cellhouse at the Indiana State Prison (ISP). ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

On December 2, 2021, Mr. Griffin was transferred from the Pendleton Correctional Facility to ISP, where he was placed in D-cellhouse, an administrative segregation unit. ECF 1 at 4. While Mr. Griffin has been housed in D-cellhouse, he asserts he has been subjected to a new clothing and bedding policy that was implemented in 2021 by

Commissioner Robert Carter, Executive Director William Wilson, Warden Ron Neal, and Deputy Warden Dawn Buss. *Id*. at 3, 7. He states the new policy was implemented in the restrictive housing units at Pendleton and ISP in response to a number of violent inmate assaults on staff that occurred at these prisons. *Id*. at 3. The new policy restricted an inmate's clothing to one pair of underwear, socks, and a t-shirt, and bedding was restricted to one sheet and one blanket. *Id*. at 3, 5.

Mr. Griffin asserts he was subjected to extremely cold temperatures in D-cellhouse from December 2021 through February 2022 because the cellhouse has broken windows and no functioning heat. *Id*. at 4. When he complained about the conditions, Major Wardlow responded to his complaint by listing the clothing and bedding restrictions. *Id*. at 5. Mr. Griffin also complained to Lieutenant Lott about the freezing conditions and the clothing and bedding limitations. *Id*. Lieutenant Lott responded to him by reviewing the clothing and bedding policy and explained the heating vents still needed to be insulated but that had not been done yet. *Id*. Mr. Griffin asserts the cold conditions prevented him from sleeping and also caused him physical and emotional pain and suffering. *Id*. at 6, 7.

Mr. Griffin avers that Commissioner Carter, Executive Director Wilson, Warden Neal, Deputy Warden Buss, Major Wardlow, and Lieutenant Lott are familiar with the winter weather conditions and knew about the condition of D-cellhouse. *Id*. at 5-6, 7. But despite knowing about these conditions, Commissioner Carter, Executive Director Wilson, Warden Neal, and Deputy Warden Buss created a policy limiting clothing and bedding items for inmates in the restrictive housing units. *Id*. He asserts that Major Wardlow and Lieutenant Lott were responsible for implementing or enforcing the new

restrictions. *Id*. Accordingly, Mr. Griffin asserts the defendants violated his Eighth Amendment rights by not providing him with adequate clothing, bedding, and heat while he has been housed in D-cellhouse. *Id*. at 7.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the court of appeals has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical

3

case of deliberate indifference."). Giving Mr. Griffin the favorable inferences to which he is entitled at this stage, he has stated a plausible Eighth Amendment conditions of confinement claim against Commissioner Carter, Executive Director Wilson, Warden Neal, Deputy Warden Buss, Major Wardlow, and Lieutenant Lott for not providing him with adequate clothing, bedding, and heat from December 2021 to February 2022.

Mr. Griffin has also sued Grievance Specialists Mark Newkirk, Joshua Wallen, and M. Riechel. ECF 1 at 2-3, 6. He asserts they attempted to impede his access to the grievance process by rejecting his grievances for reasons outside the grievance policy. *Id*. at 6. However, Mr. Griffin has no constitutional right to access the grievance process. *See Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure). Mr. Griffin has not stated a claim here.

For these reasons, the court:

(1) GRANTS Virgil Eugene Griffin leave to proceed against Commissioner Robert Carter, Executive Director William Wilson, Warden Ron Neal, Deputy Warden Dawn Buss, Major Wardlow, and Lieutenant Lott in their individual capacities for compensatory and punitive damages, for failing to provide him with adequate clothing, bedding, and heat from December 2021 through February 2022, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Mark Newkirk, Joshua Wallen, and M. Riechel;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Commissioner Robert Carter, Executive Director William Wilson, Warden Ron Neal, Deputy Warden Dawn Buss, Major Wardlow, and Lieutenant Lott at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Commissioner Robert Carter, Executive Director William Wilson, Warden Ron Neal, Deputy Warden Dawn Buss, Major Wardlow, and Lieutenant Lott to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

February 24, 2023 　　　　　　　　　　　　　*s/ Damon R. Leichty*
　　　　　　　　　　　　　　　　　　　　　　Judge, United States District Court