UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

VIRGIL EUGENE GRIFFIN,

    Plaintiff,

    v.     CAUSE NO. 3:22-CV-152-DRL-JPK

WARDLOW *et al.*,

    Defendants.

OPINION AND ORDER

Virgil Eugene Griffin, a prisoner without a lawyer, is proceeding in this case "against Commissioner Robert Carter, Executive Director William Wilson, Warden Ron Neal, Deputy Warden Dawn Buss, Major Wardlow, and Lieutenant Lott in their individual capacities for compensatory and punitive damages, for failing to provide him with adequate clothing, bedding, and heat from December 2021 through February 2022, in violation of the Eighth Amendment[.]" ECF 14 at 4. The defendants filed a motion for summary judgment, arguing Mr. Griffin didn't exhaust his administrative remedies before filing this lawsuit. ECF 29. Mr. Griffin filed a response, and the defendants filed a reply. ECF 34, 35. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

The defendants provide an affidavit from the Grievance Specialist at Indiana State Prison (ISP) and Mr. Griffin's grievance records, which show the following facts: On December 7, 2021, Mr. Griffin submitted Grievance 136104, complaining the water in his cellhouse was too cold. ECF 29-1 at 6, 36. On December 14, 2021, the grievance office

issued a response denying Grievance 136104 on its merits, stating "Officers have no access to the water temperature." *Id.* at 7, 35. Mr. Griffin never appealed the grievance office's response to Grievance 136104. *Id.* at 7, 27, 35. Instead, on December 19, 2021, Mr. Griffin filed a new grievance complaining it was freezing cold in his cellhouse. *Id.* at 8, 39. On December 21, 2021, the grievance office returned Mr. Griffin's December 19 grievance, stating "You have not provided enough information for an investigation to be initiated" and instructing him to revise and resubmit the grievance to explain what occurred on the listed incident date, what staff he'd spoken to, and what responses he'd received. *Id.* at 8, 38. There is no evidence Mr. Griffin ever revised and resubmitted his December 19 grievance. Instead, on January 20, 2022, Mr. Griffin submitted a new grievance complaining the Grievance Specialist denied him access to the grievance process by rejecting his December 19 grievance. *Id.* at 8-9, 41. On February 1, 2022, the Grievance Specialist returned Mr. Griffin's January 20 grievance because "Contents of grievance or appeal responses from the Warden/designee cannot be grieved." *Id.* at 9, 40.

The defendants have thus provided evidence Mr. Griffin did not fully exhaust any grievance related to his claim of inadequate living conditions. In his response, Mr. Griffin concedes he never fully exhausted any relevant grievance. The court thus accepts that as undisputed. Instead, he argues his administrative remedies were unavailable for two reasons.

First, Mr. Griffin argues the grievance office made his administrative remedies unavailable by improperly rejecting his December 19 and January 20 grievances. ECF 34 at 4, 11. But there is no evidence the Grievance Specialist improperly rejected either of

3

these grievances. Regarding the December 19 grievance, the Grievance Specialist did not make Mr. Griffin's administrative remedies unavailable by asking him to revise this grievance to provide more information, as Mr. Griffin had the ability to revise and resubmit the grievance as instructed. *See* ECF 29-1 at 20 ("It shall be the responsibility of the offender to make the necessary revisions to the grievance form and to return the revised form to the Offender Grievance Specialist within five (5) business days from the date that it is returned to the offender."). Mr. Griffin provides no explanation for why he didn't follow the Grievance Specialist's instruction to revise and resubmit his December 19 grievance. Regarding the January 20 grievance, the Grievance Specialist reasonably rejected this grievance for complaining about the way the grievance office handled his previous grievances, which is a matter inappropriate to the Offender Grievance Process. *See id.* at 14 (listing "Contents of grievance or appeal responses" as matters inappropriate to the Grievance Process).

Second, Mr. Griffin argues that, after the grievance office rejected his December 19 and January 20 grievances, he submitted a new grievance "about the conditions in D-cell house and the Grievance Specialist and other defendants' inaction," which the grievance office improperly rejected as untimely. ECF 34 at 9-11. But Mr. Griffin does not explain when he filed this grievance or provide any documentation related to this grievance or the grievance office's response. *See* ECF 34-1; *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008) (summary judgment "is the put up or shut up moment in a lawsuit"). Without this information, there is no way for the court to determine whether the grievance was improperly rejected as untimely. Moreover, Mr. Griffin states in his description of this

4

grievance that he complained about the Grievance Specialist's "inaction," which is a non-grievable issue and is the same reason his January 20 grievance was rejected. *See* ECF 29-1 at 14 (listing "Contents of grievance or appeal responses" as matters inappropriate to the Grievance Process). Thus, Mr. Griffin has not provided any evidence the grievance office made his administrative remedies unavailable by improperly rejecting any of his grievances.

Accordingly, because the undisputed facts show Mr. Griffin didn't fully exhaust any grievance related to his claim in this lawsuit, and Mr. Griffin provides no evidence his administrative remedies were unavailable, the defendants have met their burden to show Mr. Griffin didn't exhaust his available administrative remedies prior to filing this lawsuit. Summary judgment must be granted.

For these reasons, the court:

(1) GRANTS the defendants' summary judgment motion (ECF 29); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Virgil Eugene Griffin and to close this case.

SO ORDERED.

January 22, 2024          *s/ Damon R. Leichty*
                          Judge, United States District Court

5